EDGAR DAKIN, Respondent, v. THE LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY, Appellant.

Where to the name of the insured, in a policy of fire insurance, are added the words, "as interest may appear," this indicates uncertainty, not only as to the extent, but as to the quality or character of the interest; the use of the phrase authorizes the insured, in case of loss, to show what his interest was; and the policy has the same effect as if the facts as to the interest as subsequently shown were inserted in the policy.

If, therefore, it thus appears that the insured, although not the owner, had an insurable interest, there is no breach of a condition of the policy forfeiting it in case the interest of the insured is not truly stated in the policy, or, if the interest is less than absolute ownership, and it is not so represented in the policy.

(Argued April 3, 1879; decided April 25, 1879.)

THIS action was brought upon four policies of insurance, issued by defendant upon a tannery in Schuyler county. (Mem. of decision below, 13 Hun, 122.)

The policies were similar, save as to dates and amounts. In each the insurance was to "S. D. Wood and T. W. Moore & Co., as interest may appear. * * * Loss, if any, payable to Lyon & Dakin." The property was owned by T. W. Moore & Co. Wood had a mortgage thereon, as had also Lyon & Dakin, their's being the first mortgage. The interest of Lyon, in the mortgage last-mentioned, passed subsequently to Dakin, who conveyed an interest therein to Wood. The defendant urged, among other objections to a recovery, that Wood's interest, as mortgagee, was not expressed in the policies, and that there was, therefore, a breach of conditions of each policy, forfeiting it "if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be not stated in the policy;" or, "if the interest of the assured in the property be any other than the entire unconditional and sole ownership of the property for the use and benefit of the assured," and it is not "so expressed in the written part of this policy." *Held*, that the interest of Wood was sufficiently expressed in the policies, and there was no breach of these conditions.

The portion of the opinion upon that subject is as follows.

" The second point is, that Simeon D. Wood was assured as owner, while his interest was really that of a mortgagee, whereby there was a breach of some conditions in the policy which we have given above. But some effect is to be given to the phrase '*as interest may appear.*' This was in manuscript, inserted in the printed form of policy by the defendant. It indicated uncertainty ; that there was something contingent and undetermined in the mind of the contracting parties as to the interest of Wood in the property at risk. The defendant claims that it indicated uncertainty as to the extent of the interest, and not as to its quality or character. But when it is once conceded or held that this phrase indicates uncertainty, we know not why we should confine that uncertainty to one element of an insurable interest rather than another, unless there have been rules laid down giving such effect to the phrase. No adjudication has been cited to us so deciding. A somewhat exhaustive search fails to bring one to our attention ; while *Pitney* v. *Glens Falls Ins. Co.* (65 N. Y., 6) tends the other way. We know no reason, where the use of the phrase indicates such uncertainty in the draftsman, and creates such doubt in the mind of one called to interpret as that there is an ambiguity, to be explained only by evidence *aliunde* the paper, why the evidence may not be directed to the fact that the kind, as well the extent of interest was not clearly ascertained by the contracting parties, or was purposely left without statement in full. Nor does the meaning of the word ' interest,' used in the phrase, confine the intention of the draftsman to the extent rather than the kind. The phrase ' an interest,' though primarily it included the term estate, right or title (Co. Litt., 345*b*, *155) has latterly come often to mean less, and to be the same as concern, share, and the like : (*Inhab. of Northampton* v. *Smith*, 11 Metc., 390.) In contracts, in general, that word means the peculiar right of property which one has in a thing. More especially is this so in contracts of insurance, in the law of which so much space is taken by the topic of insurable interest, which deals especially with the kind rather than the extent of right in the

property ; as is apparent when we begin to enumerate the interests usually insured ; as owner, mortgagor, mortgagee, agent, consignee, factor, and the like, *ad infinitum.* The use of a similar phrase in a policy, viz. : ' on account of whomsoever it might concern at the time of loss,' has been held to leave it undetermined, until the loss took place, who might then be the owner of the property and entitled to the money : (*Rogers* v. *Traders' Ins. Co.*, 6 Paige, 583.) Effect has been given to a more restricted phrase, ' for account of whom it may concern ; ' though there must have existed, at the time the contract of insurance was made, an intention to protect the person who claims the payment ; (*Steele* v. *Ins. Co.*, 17 Penn. St., 290) ; yet that intention might be made known subsequently by evidence *aliunde* the policy. The use of such indeterminate phrases makes way for evidence in explanation of them, and of what was the purpose in the use of them : (*Finney* v. *Ins. Co.*, 8 Metc., 348.) After the door is thus opened for the admission of such evidence, what rule is there that will keep out any that will show what was in the mind of the contracting parties, on the subject of the interest to be insured. In *Watson* v. *Swann* (11 C. B. [N. S.], 755), there was an open policy, ' upon any kind of goods and merchandise, *as interest might appear.*' The effect of the opinion delivered there is, that under such a phrase, persons who could not be named and ascertained at the time the policy is effected are allowed to come in and take the benefit of the insurance, if they were persons contemplated at the time the policy was made. It is so then, that the use of such phrases, expressive of uncertainty in the mind of the insurers, at the time of the framing of the contract they have given out, as to some matter with which the contract is concerned, does open the instrument to explanation by proof *aliunde* the instrument. In the absence of any rule or reason confining the effect of such proof, any material matter which was then in doubt may be made sure by evidence, when the time has come that certainty is wished. Where the clause expressive of doubt shows that the uncertainty is as to the person who is to have the benefit of the contract, who the person is may be proven. Where *it is as to the*

interest which is to be·protected, what the interest is may be proven, and what is the extent, kind or quality of it. The phrase in this policy, 'as interest may appear,' is as applicable to Wood, as one of the insured, as to L. W. Moore & Co.  It indicates that when the policy was filled up by the defendant, there was uncertainty as to his interest, or that for some reason it was not thought best to state it; and the use of the phrase gave the right to him to show what the fact was as to it, whenever the time came at which it was for his good to show it.  It is a phrase anticipatory of the fact as it would then be shown; and the use of the phrase is as if the recital of the fact, as it is afterwards shown, was, at the time of the making of the contract, written out in full in the policy.  We must now read that paper, as if there was written into it what was Wood's interest, which was to be saved by the contract, as now ascertained to have then been contemplated as possible. Doing that, it is plain that the printed conditions of the policy, above given, relied upon by the defendant, are of no avail; for then the interest of Wood is 'truly stated in this policy; the interest of the assured in the property' being 'other than the entire unconditional and sole owner-ship of the property for the use and benefit of the assured is expressed in the written part of the policy.'

It may be well to say here that this point of the defend-ant arises on the motion for a nonsuit.  It was not claimed, on that motion, that the interest of Wood was 'not repre-sented to the company.'  We spend no time, therefore, on that clause of the condition.

It is suggested that if it had been proven that the com-pany knew that Wood was a mortgagee, and with that knowledge issued the policies, then effect and application could be given to these words so as not to have the contract fail, and it is urged that with such proof lacking, that result cannot follow.  But one of the cases cited (*Rogers* v. *Traders' Ins. Co.* [*supra*],), shows that under the language there used the person who was to be benefited need not be known, at the time of the contract, to either of the parties instru-mental in making it.  And so it is said in the case from 11

C. B. [N. S.] (*supra*) : ' A very wide extension has been given to the principle I have adverted to as to the parties to a contract in respect of policies of insurance, viz. : that persons who could not be named or ascertained at the time the policy is effected are allowed to come in and take the benefit of the insurance.' There is no reason then why, when it is assumed that there is an insurable interest of some kind in a person, that interest may not be covered by the contract, though its exact nature and extent be left to future ascertainment. The cases cited by the defendant (19 N. Y., 179; *Bidwell* v. *N. W. Ins. Co.*, 19 id., 179 ; *Bidwell* v. *N. W. Ins. Co.*, 24 id., 302 ; *Pitney* v. *Glens Falls Ins. Co.*, 65 id., 6 ; *Van Shoick* v. *Niagara F. Ins. Co.*, 68 id., 434 ; 24 id., 302; 65 id., 6; 3 Keyes, 87, 436; 68 N. Y., 434) do indeed show that there was knowledge by the company when giving out the policy ; but they do not hold or intimate anything contrary to our views above expressed."

In the complaint plaintiff demanded judgment for the amount due to him only. Upon the trial the court allowed an amendment thereof so as to demand judgment for the full amount due on all the policies. *Held*, no error ; as by the policies the whole loss was made payable to Lyon & Dakin, and so far as the contract of defendant was concerned, plaintiff had the right to enforce the policies to the full amount, he holding the residue over and above his own interest, as trustee for the benefit of the others interested.

Further points were disposed of on the facts.

*Erastus P. Hart* for appellant.

*M. M. Mead* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed.